FILED

2015 Mar-30  PM 02:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **PAMELA A. NEWTON,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:   7:14-cv-02210-RDP** |
| | } | |
| **HARTFORD LIFE AND ACCIDENT** | } | |
| **INSURANCE COMPANY,** | } | |
| | } | |
| **Defendant.** | | |

## MEMORANDUM OPINION

This matter is before the court on Hartford Life And Accident Insurance Company's Motion to Dismiss Count II of Plaintiff's Complaint.  (Doc. # 11).  The matter has been fully briefed.  (Docs. # 11, 13, 17, 20, and 21).  For the reasons discussed below, the court concludes the motion is due to be denied, but Plaintiff must replead her allegations to remove shotgun pleading.

## I.      Background

Plaintiff Pamela Newton was a participant in an employee welfare benefit plan maintained by her former employer, The TJX Companies, Inc. (Doc. # 1 at ¶ 5). Plaintiff alleges that she is disabled under the terms of the Plan, and argues Defendant Hartford wrongfully terminated her claim for long term disability benefits. (Doc. # 1 at ¶¶ 34, 49-51). Plaintiff has asserted two claims under ERISA. (Doc. # 1 at ¶ 50). Count One seeks benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) based on the termination of her claim for disability benefits, and seeks to recover LTD benefits allegedly due under the Plan. (Doc. # 1 at ¶¶ 49-51). Count Two is a claim for injunctive relief

under 29 U.S.C. § 1132(a)(1)(B) and (a)(3) and for penalties under 29 U.S.C. § 1132(c). (Doc. # 1 at ¶¶ 52-59). Count Two also states a breach of fiduciary duty claim. (Doc. # 1 at ¶ 54). Defendant's Motion only seeks dismissal of Count Two. (Doc. # 11).

## II.   Standard of Review

In most instances, the Federal Rules of Civil Procedure require only that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).   Nevertheless, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).   The complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.   Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations.   *Twombly*, 550 U.S. at 555, 557.   To be plausible on its face, the claim must contain enough facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Iqbal*, 129 S. Ct. at 1949.

The court must construe pleadings broadly and resolve inferences in a plaintiff's favor. *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006). However, the court need not accept inferences that are unsupported by the facts asserted in the complaint. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). Ultimately, the well-pleaded complaint

2

must present a reasonable inference from the facts it alleges that show a defendant is liable. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215 (11th Cir. 2012). To survive Defendants' Motion, the allegations of Plaintiffs' second amended counterclaim must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1949.

## III.  Analysis

Defendant argues that Count Two of Plaintiff's Complaint should be dismissed because (1) Plaintiff cannot state a viable claim for statutory penalties against Hartford, and (2) her breach of fiduciary duty claim fails as a matter of law. (Doc. # 11).

### A.  Plaintiff's "Shotgun" Pleading

Before addressing Defendant's arguments for dismissal, the court notes that Count Two attempts to state claims under three different sections of ERISA: 29 U.S.C. § 1132(a)(1)(B), § 1132 (a)(3), and § 1132(c).

Shotgun pleadings are those that assert multiple claims for relief in single counts and incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (stating that multiple claims should be presented separately in adherence to Federal Rule of Civil Procedure 10(b)); *see also Kennedy v. Bell South Telecommunications, Inc.*, 546 Fed.Appx. 817, 819–20 (11th Cir . 2013). The Eleventh Circuit has discouraged district courts from considering "shotgun" pleadings. *Wagner*, 464 F.3d at 1279. "When faced with a shotgun pleading, the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader." *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) (citing *Byrne v. Nezhat*, 261 F.3d

1075, 1133 (11th Cir.2001)).   Thus, although Count Two of Plaintiff's Complaint should not be dismissed solely because it constitutes shotgun pleading, for this reason alone, it must, at least, be repled.

### B.      Plaintiff's Statutory Penalties Claim

Defendant argues that it cannot be held responsible for statutory penalties under 29 U.S.C. § 1132(c) resulting from a failure to provide documents pursuant to 29 USC §1024(b)(4) because it is not the "named" Plan Administrator of the Plan. (Doc. # 11). Plaintiff responds by pointing out that the Eleventh Circuit has imposed liability against parties acting as the plan administrator even when they were not identified as the plan administrator in the plan documents. (Doc. # 13). Plaintiff asserts that the Plan document furnished clearly reflects that plan administrator duties were delegated to Hartford.   Defendant further contends that Plaintiff has not sufficiently alleged that Defendant is a *de facto* plan administrator. (Doc. # 17).

The Eleventh Circuit has held that "the statute only permits an award of penalties against the plan administrator." *Byars v. Coca–Cola Co*., 517 F.3d 1256, 1270 (11th Cir. 2008). However, a *de facto* plan administrator -- *i.e.*, one who assumes responsibility for or controls the provision of plan documents and information -- can be made a proper defendant. *See Rosen v. TRW, Inc*., 979 F.2d 191, 193–194 (11th Cir. 1992) ("[I]f a company is administrating the plan, then it can be held liable for ERISA violations, regardless of the provisions of the plan document."); *Hunt v. Hawthorne Assocs., Inc.*, 119 F.3d 888, 914 (11th Cir. 1997) (reaffirming the possibility that an entity not named as plan administrator by a plan document may still act in that role).   "Proof of who is the plan administrator may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document." *Hamilton v. Allen–Bradley Co*.,

4

244 F.3d 819, 824 (11th Cir. 2001).   The question of whether a defendant is acting as plan administrator is fact intensive and better decided at a later stage of this litigation."   *Till v. Lincoln Nat. Life Ins. Co.,* 2014 WL 6895285 * 6 (M.D. Ala. 2014).

The court's analysis above would normally end the inquiry required to address this aspect of the motion to dismiss.   However, here, although Plaintiff purportedly bases her argument on certain facts which could support the allegation that Defendant was the "*de facto*" plan administrator, those facts are not sufficiently alleged in the Complaint.   The court agrees with Defendant that the allegations in the Complaint that Defendant was the "*de facto*" plan administrator are merely conclusory.   Accordingly, Plaintiff must amend her Complaint. In repleading the claims she has asserted in Count Two, Plaintiff should remedy this factual pleading deficiency or face dismissal of this claim.   Plaintiff should also bear in mind that statutory penalties are not available for all documents a plaintiff may wish to review; therefore, to the extent she seeks statutory penalties for any documents not specifically listed in Section 1024, she should include specific factual allegations to support her claim that statutory penalties are available and appropriate for the documents she sought from Defendant.

### C.   Breach of Fiduciary Duty Claim

Count Two of Plaintiff's Complaint asserts a breach of fiduciary duty claim, either in addition to or as an alternative to her claim for statutory penalties. (Doc. # 1 at ¶¶ 54-59). But her pleading is not clear.   That is, her complaint does not sufficiently indicate whether the claim is plead in the alternative (or in addition) to her statutory penalty claim.   This alone counsels in favor of requiring a repleading of this claim.

Defendant argues that Plaintiff's claim must be dismissed because a breach of fiduciary duty claim is not available where other avenues to obtain relief are available, such as Plaintiff's claims for benefits under Count One. (Doc. # 11). To be sure, claims for equitable relief under § 1132(a)(3) are available only when a plaintiff has no other claim for relief under ERISA. *See Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996); *Ogden v. Blue Bell Creameries U.S.A., Inc*., 348 F.3d 1284 (11th Cir. 2003) (stating that the central focus is "whether Congress has provided an adequate remedy ... elsewhere in the ERISA statutory framework").

Nevertheless, we are at the pleading stage.  In certain circumstances, some courts have allowed ERISA plaintiffs to *plead* dual claims where the claims have different factual predicates, even though the plaintiffs would ultimately be barred from recovering under both (a)(1)(B) and (a)(3) at summary judgment or trial. *See Silva v. Metro. Life Ins. Co*., 762 F.3d 711, 726 (8th Cir.2014); *Poole v. Life Ins. Co. of N. Am.*, 984 F.Supp.2d 1179, 1188 (M.D. Ala. 2013). However, when the (a)(1)(B) and (a)(3) claims are based upon the same factual predicate, it is appropriate to dismiss the duplicative (a)(3) claim. *See Till v. Lincoln Nat. Life Ins. Co*., 2014 WL 6895285 * 4-5 (M.D. Ala. 2014). Thus, the question is whether those claims are actually based upon the same factual predicate.

Plaintiff's primary claim, contained in Count One, seeks an award of plan benefits under § 1132(a)(1).   The factual predicate of that claim is that Plaintiff is, in fact, physically disabled, and thus her benefits were wrongfully discontinued.   (Doc. # 1 at pp. 3-9).   Under Count Two, Plaintiff asserts a breach of fiduciary duty claim seeking to have her claim reopened and reconsidered as relief for the alleged breach of fiduciary duty.   (Doc. # 1 at 19).   Although the requested relief in the two claims appears somewhat similar, the factual predicate for her claim

under Count Two is Defendant's alleged failure to produce requested documents.  (Doc. # 1, generally).  Because the factual predicate underlying Count Two is distinct from the factual predicate for Count One, Count Two may be pled and maintained alternatively, at least at this stage of the case.  At the end of the day, however, Plaintiff will not be able to recover under both theories.

## IV.     Conclusion

For the foregoing reasons, Defendant Hartford Life And Accident Insurance Company's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. # 11) is due to be denied.   However, the court will require Plaintiff to replead her claims in order to eliminate the shotgun aspect of her pleadings. The rule is one claim in each count.   In addition, each claim must have a sufficient factual basis. The court will enter a separate order in accordance with this memorandum opinion.

**DONE** and **ORDERED** this March 30, 2015.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE